12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Duwad A. MUNIR et al., Plaintiffs-Appellees,
v.
Elton I. SCOTT, Defendant-Appellant,
Robert Brown, Defendant.
 No. 92-1693.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1993.
 
 On Appeal from the United States District Court, for the Eastern District of Michigan, No. 87-73711; Fiekens, Judge.
 E.D.Mich., 792 F.Supp. 1472.
 REVERSED AND REMANDED.
 Before: MARTIN and NORRIS, Circuit Judges; COFFIN, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Elton I. Scott, a former warden at a Michigan prison, appeals the district court's denial of his motion for summary judgment based in part upon the defense of qualified immunity. He also appeals the district court's grant of summary judgment in favor of plaintiffs current or former inmates at the facility, on their 42 U.S.C. Sec. 1983 claim alleging that he violated their First Amendment rights by banning the use of religious oils inside the facility.
 
 I.
 
 2
 Plaintiffs are members of the Muslim faith who at one time were inmates at the Jackson Cotton Facility (JCF) in Jackson, Michigan. Defendant was the warden at the facility during the time period relevant to this appeal. In 1987, plaintiffs brought an action against several JCF corrections officials and against defendant, alleging that, beginning in 1986, he infringed upon their right to free exercise of their religion as guaranteed by the First Amendment by placing a total ban on the use of religious oils. Plaintiffs claimed that the oils were a necessary component of their religious practices.
 
 II.
 
 3
 This court reviews the district court's qualified immunity determination de novo. Washington v. Newsom, 977 F.2d 991, 993 (6th Cir.1992), cert. denied, 113 S.Ct. 1848 (1993). We apply the same standard as the district court in deciding whether summary judgment is appropriate: "when the depositions, affidavits, and other evidence, taken in the light most favorable to the non-moving party, demonstrate that there are no genuine issues of material fact left for resolution at trial, and the moving party is entitled to a decision in its favor as a matter of law." Id. at 993 (citing Fed.R.Civ.P. 56(c)).
 
 
 4
 A government official performing discretionary functions enjoys qualified immunity from civil damages provided that the official's conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The relevant inquiry is whether, in light of the law existing at the time the alleged conduct occurred and the information possessed by the official, "a reasonable official in the defendant's position could have believed his conduct to be lawful." Poe v. Haydon, 853 F.2d 418, 423 (6th Cir.1988) (citing Anderson v. Creighton, 483 U.S. 635, 641 (1987)), cert. denied, 488 U.S. 1007 (1989).
 
 
 5
 At the time of the ban, this court had held that "[w]here an inmate's religious freedom is at stake, correctional officials may only adopt regulations which are 'reasonably and substantially' justified by official concern for internal security and inmate discipline." Brown v. Johnson, 743 F.2d 408, 411-12 (6th Cir.1984) (quoting Sweet v. South Carolina Dep't of Corrections, 529 F.2d 854, 863 (4th Cir.1975)), cert. denied, 469 U.S. 1215 (1985). We agree with the district court that it was clearly established in 1986 that defendant's policy totally banning religious oils implicated the First Amendment and therefore, under Brown, the ban must have been justified by legitimate penological concerns for internal security and inmate discipline. See id.
 
 
 6
 Although defendant had the initial burden of coming forward with facts to suggest that he was acting within the scope of his discretionary authority, the ultimate burden of proof was on plaintiffs to show that he was not entitled to qualified immunity. Washington, 977 F.2d at 995.
 
 
 7
 Defendant presented evidence that the ban was related to legitimate penological concerns and, therefore, that a reasonable official could have believed that the ban did not violate plaintiffs' constitutional rights. Specifically, defendant produced affidavits from Dan Bolden, the Deputy Director of the Bureau of Correctional Facilities for the Michigan Department of Corrections. In the affidavits, Bolden listed the security concerns the department had about the possession of religious oils by prisoners, including the risk of contraband being secreted in the oils, flammability, the fact that glass or metal containers could be used as weapons, and the possibility that the oils would permit users to slip out of handcuffs or other restraints. He went on to say that, after considering these concerns for some time, the department decided in April 1989 that the oils would be permitted "subject to various conditions," and that the department's policy in this regard was not finalized until June 1990. Bolden described that policy in detail, including the conditions under which limited purchases could be made of the oils, and the way the policy addressed the department's security concerns. Plaintiffs argued that in implementing and maintaining the ban, defendant never indicated that any security considerations justified his actions.
 
 
 8
 The policies underlying qualified immunity argue in favor of resolving its applicability at the earliest possible stage of litigation. See Harlow, 457 U.S. at 818; Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Under the appropriate circumstances, qualified immunity provides public officials with more than a defense to liability; it entitles them to immunity from suit. Hunter v. Bryant, 112 S.Ct. 534, 536 (1991) (citing Mitchell, 472 U.S. at 526). Consequently, "[i]mmunity ordinarily should be decided by the court long before trial." Id. at 537.
 
 
 9
 As an appellate court reviewing the issue de novo, we "should ask whether the [public official] acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable interpretation of the events can be constructed [seven] years after the fact." Id. Our role, then, is not to ask if defendant would have been better advised to enter into some form of accommodation with plaintiffs. Defendant has articulated a sufficient number of legitimate security considerations concerning the use of religious oils to bring his decision within the ambit of reasonableness. Our inquiry ends there.
 
 III.
 
 10
 Accordingly, the district court's decision is reversed, and this cause is remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Frank M. Coffin, Circuit Judge, United States Court of Appeals for the First Circuit, sitting by designation